**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

SANTITA DELANEY                                                    PETITIONER

v.                                                                    No. 4:04CR41-P

UNITED STATES OF AMERICA                                            RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Santita Delaney for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government has responded to the petition, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed.

### Facts and Procedural Posture

On July 8, 2004, the  Santita Delaney pled guilty to counts one and two of a two-count indictment charging him with possession with the intent to distribute crack cocaine and possessing a firearm during and in relation to and in furtherance of a drug trafficking crime. Included in his plea agreement with the United States was a provision entitled "Waiver of All Appeals and Collateral Attacks." With that provision, the petitioner expressly waived his rights to collaterally attack his conviction or sentence "in any post-conviction proceeding, *including but not limited to a motion brought pursuant to 28 U.S.C. § 2255*." Following his guilty plea, the United States Probation Service finalized a presentence report to which neither the petitioner nor the government objected. On February 1, 2005, a hearing was held to impose sentence, and after a lengthy colloquy, the court sentenced the petitioner to 180 months in prison. At the time, the petitioner was actively cooperating with the DEA, and thus, after he reported to prison, the

government filed a motion for reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. On December 9, 2005 in response to the government's motion, the court entered an amended judgment, reducing the petitioner's sentence from 180 months to 90 months. The petitioner did not file a direct appeal of his sentence. Instead, on February 16, 2006,he filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## Discussion

Paragraph seven of the petitioner's plea agreement provides as follows:

**WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS.**

Defendant hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. *Defendant also hereby expressly waives all rights to contest or collaterally attack to conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255.* Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

(Emphasis added). At the sentencing hearing, the court specifically referred to this portion of the plea agreement, noting that the petitioner was waiving his right to file a motion like the present one. (Sentencing Transcript at 8). The court also made certain at the change of plea hearing that the defendant was pleading guilty voluntarily. Specifically, the court asked:

THE COURT: If you plead guilty here today and I accept your plea, do you understand that there is not going to be a trial, no witnesses will be called, and I'm going to find you guilty and sentence you on the basis of your guilty plea?

THE DEFENDANT: Yes, sir.

THE COURT: Do you still want to plead guilty knowing all of these rights that you are giving up by pleading guilty?

THE DEFENDANT:  Yes, sir.

* * *

THE COURT:  Now, Mr. Delaney, has anyone threatened or forced you to plead guilty?

THE DEFENDANT:  No, sir.

(Change of Plea Tr. at 6, 9).

A defendant's waiver of his right to challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is enforceable if the waiver is both knowing and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing voluntary and knowing waiver of § 2255 motion).  On the other hand, when a petitioner alleges that his counsel was ineffective in negotiating the plea agreement containing such a waiver provision, the waiver can be overcome.  *United States v. White*, 307 F.3d 336 (5th Cir. 2002).  Ineffective assistance of counsel arguments survive a waiver *only when* the claimed assistance *"directly affected the validity of that waiver or the plea itself*;" otherwise, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result.  A knowing and intelligent waiver should not be so easily waived."  *White*, 307 F.3d at 343-344 (emphasis added).

Thus, waivers of the right to appeal or to seek relief under § 2255 are enforceable unless the petitioner in his motion argues that his counsel's ineffectiveness applied specifically to the waiver provision.  In this case, the petitioner makes no such argument.  He simply argues that his conviction should be overturned because counsel did not:  (1) appeal; (2) attack the indictment as

duplicitous, or (3) file a motion to suppress the evidence seized from the petitioner's vehicle. The instant motion does not mention the waiver provision at all. The petitioner does not the claim his alleged ineffective assistance "directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. As such, the present motion must be denied.

Santita Delaney pled guilty. The plea agreement made clear that the petitioner was waiving his right to appeal or to file the present motion. The court went over the agreement in detail – referring to the waiver provision specifically. The petitioner's testimony shows that he was fully aware of what he was doing. The court can find no reason to invalidate the waiver provision of the plea agreement under these circumstances. Indeed, if a waiver could not survive under the facts of this case, such waivers could never be effective at all. Therefore, the court finds that the plea agreement, including the waiver provision, is effective, and the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE